IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **RAYMOND ANDREW RICHARDSON,** )<br>)<br>**Petitioner,** )<br>v. )<br>)<br>**DONNIE AMES, Superintendent,** )<br>)<br>**Respondent.** ) | **Civil Action No. 2:20-00573** |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss Without Prejudice or to Stay Due to Petitioner's Failure to Exhaust his State Remedies" (Document No. 10), filed on October 15, 2020. By Standing Order, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) On October 21, 2020, Petitioner filed his "Motion for Leave to File Supplemental Grounds to Petition for Writ of Habeas Corpus." (Document No. 13.) On October 29, 2020, Petitioner filed his Response in Opposition and Motion for Summary Judgment. (Document Nos. 16 and 17.) On April 27, 2021, Respondent filed his Response to Petitioner's "Motion for Leave to File Supplemental Grounds to Petition for Writ of Habeas Corpus." (Document No. 19.) Specifically, Respondent concedes Petitioner has now exhausted his claims, Petitioner should be granted leave to supplement his Petition, and Respondent's Motion to Dismiss should be denied as moot. (Id.) Accordingly, the undersigned respectfully recommends that the District Court deny as moot Respondent's Motion to Dismiss and Petitioner's Motion for Summary Judgment, and refer this matter back to the undersigned for further proceedings.

## PROCEDURAL HISTORY

On August 31, 2020, Petitioner, acting *pro se*, filed his Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. (Document No. 1.) As grounds for *habeas* relief, Petitioner asserted the following:

1.  Petitioner's state and federal constitutional rights were violated by the ineffective assistance of trial counsel:
    A.  Trial counsel was ineffective in failing to investigate the personal relationship between the jury foreman and the prosecuting attorney.

    B.  Trial counsel was ineffective in failing to investigate or object to the impermissible, literal, constructive amendment of the robbery count of the indictment.

    C.  Trial counsel failed to conduct an effective cross-examination.

    D.  Trial counsel consciously and deliberately permitted the State to advance a theory of the "taking of the money" during the robbery premised on perjury, despite the State's expressed affirmative recognition that both theories were unknown to the State without any objections.

    E.  Trial counsel failed to identify or challenge the trial court's instructions to the jury on robbery that there was no instruction defining what constitutes a robbery or its elements, or gave an instruction on intent.

    F.  Trial counsel was ineffective for failing to request a 404(B) evidentiary instruction on realizing that the trial court did not do the required balancing under Rule 403.

    G.  Trial counsel was ineffective for failing to object to the State's testimony from Denise Cool, which was inconsistent and had not been timely disclosed.

    H.  Trial counsel failed to object to the State's prejudicial characterization of [Petitioner] as being a drug dealer, who sold drugs to Denise Cool for over a year, which assertion was not in evidence.

    I.  Trial counsel was ineffective for conducting a haphazard voir dire,

|   |   |   |
|---|---|---|
|   |   | largely ignoring issues of jury foreperson Ashley Hicks' personal relationship with Assistant Prosecutor Bailey and if jurors held any racial bias. |
|   | J. | Trial counsel failed to object to the Court's instruction regarding robbery in that it did not contain all the essential elements constituting robbery. |

2. Petitioner's state and federal constitutional rights were violated when appellate counsel ineffectively failed to bring forth the trial court's erroneous robbery instruction involving the plain error rule.

3. Petitioner's state and federal constitutional rights were violated by the impermissible, literal, constructive amendment of the robbery count of the indictment.

4. Petitioner's state and federal constitutional rights were violated by jury foreman's misconduct.

5. Petitioner's state and federal constitutional rights were violated by his wrongful arrest.

6. Petitioner's state and federal constitutional rights were violated by the Prosecuting Attorney knowingly allowing materially false testimony at trial and failing to step forward and make the falsities known, and exploiting the falsities in his closing argument.

7. Petitioner's state and federal constitutional rights were violated when the State induced and procured false eyewitness testimony during the preliminary hearing.

8. Petitioner's state and federal constitutional rights were violated due to a defective indictment procedure by false and misleading testimony before the grand jury.

9. Petitioner's state and federal constitutional rights were violated due to a fatally defective indictment because it failed to charge [Petitioner] with the crime of robbery.

10. Under *Brady* and its progeny, the Petitioner's federal and state constitutional rights were violated by the State's non-disclosure of favorable impeachment evidence.

11. Petitioner's state and federal constitutional rights were violated by the effects of cumulative error.

      12.      Petitioner also asserts all additional grounds which may become apparent upon further investigation of this matter.

(Document No. 1-1, pp. 1 – 10.)

As Exhibits, Petitioner attaches the following: (1) A copy of a letter dated January 5, 2015, from the Judicial Investigation Commission (Id., p. 14.); (2) A copy of a dismissal letter dated May 30, 2014, from the Judicial Investigation Commission concerning Complaint No. 50-2014 (Id., p. 15.); (3) A copy of a letter from the Kanawha County Office of the Prosecuting Attorney dated April 25, 2018, concerning Petitioner's Freedom of Information Act request (Id., p. 16.); (4) A copy of Petitioner's Indictment (Id., pp. 17, 23 - 25.); (5) A copy of Petitioner's "Motion for Leave to File Supplemental Grounds to Petitioner's Amended Petition for Writ of Habeas Corpus" as filed in the Circuit Court of Kanawha County in Case No. 17-P-382 (Id., pp. 18 – 22.); (6) A copy of pertinent jury instructions (Id., pp. 26 – 40.); (7) A copy of the Jury Verdict Form (Id., pp. 41 – 42.); (8) A copy of the Docket Sheet for Case No. 13-F-806 (Id., pp. 43 – 44.); (9) A copy of the West Virginia Supreme Court of Appeals' ("WVSCA") Memorandum Decision filed on September 16, 2016, affirming Petitioner's conviction and sentence (Id., pp. 45 – 50.); (10) A copy of Petitioner's "Motion for Arrest of Judgment" as filed in Case No. 13-F-806 (Id., pp. 51 – 57.); (11) A copy of Petitioner's "Motion for Formal Demand that the Defendant's Motion for Arrest of Judgment Filed with the Court be Heard and Adjudicated" as filed in Case No. 13-F-806 (Id., pp. 58 – 64.); (12) A copy of the WVSCA's Memorandum Decision as filed on March 9, 2018, affirming the Circuit Court's Order denying Petitioner's motion for correction of sentence pursuant to Rule 35(a) (Id., pp. 65 – 67.); (13) A copy of Petitioner's Reply Brief as filed with the WVSCA concerning his appeal of the Circuit

Court's Order denying his motion for correction of sentence (Id., pp. 68 – 86.); (14) A copy of the Circuit Court's Order entered on July 6, 2017, denying Petitioner's motion for correction of sentence (Id., p. 87.); (15) A copy of the WVSCA's Mandate as entered on April 10, 2018 (Id., p. 88.); (16) A copy of Petitioner's "Motion for Leave to Supplemental Grounds to Amended Petition for Writ of Habeas Corpus" as filed in Case No. 17-P-382 (Document No. 1-2, pp. 1 – 4.); (17) A copy of the WVSCA's Memorandum Decision filed on July 30, 2020, affirming the Circuit Court's decision denying *habeas* relief (Id., pp. 5 – 10.); (18) A copy of Petitioner's "Losh Checklist" as filed in Case No. 17-P-382 (Id., pp. 11 – 16.); (19) A copy of pertinent arguments asserted in Case No. 17-P-382 (Id., pp. 18 – 71, Document No. 1-3, pp. 4 -50, Document No. 1-4, pp. 1 – 7, 15 – 20; Document No. 1-5, pp. 1 – 19, 29 – 63; Document No. 1-6, pp. 1 - 37.); (20) A copy of a letter dated September 26, 2016, from the Petitioner addressed to Public Defender Justin Collin (Document No. 1-2, p. 72.); (21) A copy of a letter dated September 29, 2016, from the Public Defender Collin addressed to Petitioner (Id., p. 73.); (22) A copy of letters dated November 11, 2016, from Petitioner addressed to Public Defender Collin (Id., pp. 74 – 75.); (23) A copy of Facebook messages between Natalie Boyle and Robert Arrington (Document No. 1-3, pp. 1 – 3 and Document No. 1-4, pp. 20 - 23.); (24) A copy of pertinent articles from Criminal Legal News (Document No. 1-4, pp. 8 – 12.); (25) A copy of what appears to be Petitioner's legal research (Id., pp. 12 – 14; Document No. 1-5, pp. 20 – 28, Document No. 1-12, pp. 22 - 30.); (26) A copy of a letter dated January 13, 2017, from Public Defender Collin addressed to Petitioner (Document No. 1-4, pp. 24 – 25.); (27) A copy of James Bailey and Ashley Noland's Facebook Profiles (Id., pp. 26 – 30.); (28) A copy of an article about Sean Noland (Id., pp. 31 – 33.); (29) A copy of information about Sean Noland from Linkin (Id.,

p. 34.); (30) A copy of information about Shley Noland (Id., p. 35.); (31) A copy of the Circuit Court's "Order Appointing Counsel and Setting Briefing Scheduled" as filed in Case No. 17-P-382 (Document No. 1-6, pp. 38 – 39.); (32) A copy of Assistant Attorney General Elizabeth D. Grant's "Notice of Appearance" as filed with the WVSCA in Case No. 18-0999 (Id., pp. 40 – 42.); (33) A copy of the WVSCA's "Scheduling Order" as filed in Case No. 18-0999 (Id., pp. 43 – 44.); (34) A copy of the WVSCA's Order as filed in Case No. 18-0999 granting Petitioner's motion to seal certain documents (Id., p. 45.); (35) A copy of the State's "Response Brief" as filed with the WVSCA in Case No. 18-0999 (Id., pp. 46 – 73 and Document No. 1-17.); (36) A copy of Petitioner's Appendix Volumes I – IV as filed with the WVSCA in Case No. 18-0999 (Document Nos. 1-8, 1-9, 1-10, 1-11, 1-12, pp. 1 – 5.); (37) A copy of State v. Rollins, 142 W.Va. 118 (1956) (Document No. 1-12, pp. 6 -11.); (38) A copy of State v. Johnson, 219 W.Va. 697 (2006) (Id., pp. 12 – 21.); (39) A copy of information on Denise Cool (Id., pp. 31 – 39.); and (40) A copy of two DVDs (Document Nos.7 and 9.).

By Order entered September 4, 2020, the undersigned directed Respondent to file a Response to Petitioner's Petition. (Document No. 6.) On October 15, 2020, Respondent filed his "Motion to Dismiss Without Prejudice or to Stay Due to Petitioner's Failure to Exhaust his State Remedies" and Memorandum in Support thereof with Exhibits. (Document Nos. 10 - 11.) Specifically, Respondent argues that Ground 10 of Petitioner's Petition is unexhausted. (Document No. 11.) Respondent, therefore, requested that Petitioner's Petition be dismissed without prejudice, or in the alternative, stayed pending full exhaustion. (Id.)

As Exhibits, Respondent filed the following: (1) A copy of the Docket Sheet for Case No. 13-F-806 (Document No. 10-1.); (2) A copy of the WVSCA's Memorandum Decision in Case

No. 14-0382 (Document No. 10-2.); (3) A copy of Petitioner's Rule 35 Motion as filed in Case No. 13-F-806 (Document No. 10-3.); (4) A copy of the Circuit Court's Order denying Petitioner's Rule 35 Motion as filed in Case No. 13-F-806 (Document No. 10-4.); (5) A copy of the WVSCA's Memorandum Decision in Case No. 17-0850 (Document No. 10-5.); (6) A copy of the Docket Sheet for Case No. 17-P-382 (Document No. 10-6.); (7) A copy of Petitioner's *habeas* Petition as filed in Case No. 17-P-382 (Document No. 10-7.); (8) A copy of Petitioner's Amended Petition as filed in Case No. 17-P-382 (Document No. 10-8.); (9) A copy of Petitioner's Supplemental Petition as filed in Case No. 17-P-382 (Document No. 10-9.); (10) A copy of the Circuit Court's Final Order denying Petitioner's *habeas* petition as filed in Case No. 17-P-382 (Document No. 10-10.); (11) A copy of the WVSCA's Memorandum Decision as filed in Case No. 18-0999 (Document No. 10-11.); (12) A copy of the Docket Sheet for Case No. 19-P-342 (Document No. 10-12.); (13) A copy of Petitioner's *habeas* Petition as filed in Case No. 19-P-342 (Document No. 10-13.); (14) A copy of the Circuit Court's Final Order denying Petitioner's *habeas* petition as filed in Case No. 19-P-342 (Document No. 10-14.); and (15) A copy of Petitioner's Petition for Appeal as filed with the WVSCA in Case No. 19-0974 (Document No. 10-15.).

On October 16, 2020, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of the right to file a response to Respondent's "Motion to Dismiss Without Prejudice or to Stay Due to Petitioner's Failure to Exhaust his State Remedies." (Document No. 12.) On October 21, 2020, Petitioner filed his "Motion for Leave to File Supplemental Grounds to Petitioner's Petition for Writ of Habeas Corpus." (Document No. 13.) Specifically, Petitioner states that he wishes to supplement his Petition to include the

7

following: (1) "The grounds and argument contained in Petitioner's Amended Petition;" and (2) "The face of the indictment showed no crime was committed (insufficient)." (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of what appears to be the arguments contained in his Amended Petition (Id., pp. 8 - 51.); and (2) A copy of his argument that "the face of the indictment shows no crimes were committed and insufficient for the first-degree robbery and assault during the commission of a felony" (Id., pp. 4 – 7.). On October 29, 2020, Petitioner filed his Response in Opposition to Respondent's Motion to Dismiss and "Memorandum of Law in Support of Petitioner's Motion in Response and Motion for Summary Judgment." (Document Nos. 16 and 17.)

By Order entered on March 30, 2021, the undersigned directed Respondent to file a Response to Petitioner's "Motion for Leave to File Supplemental Grounds to Petitioner's Petition for Writ of Habeas Corpus." (Document No. 18.) On April 27, 2021, Respondent filed his Response to Petitioner's "Motion for Leave to File Supplemental Grounds to Petition for Writ of Habeas Corpus." (Document No. 19.) Specifically, Respondent concedes Petitioner has now fully exhausted his claims, Petitioner should be granted leave to supplement his Petition, and Respondent's Motion to Dismiss should be denied as moot. (Id.)

## **THE APPLICABLE STANDARD**

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section

2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139.

## ANALYSIS

In his Motion, Respondent requests that Petitioner's Section 2254 Petitions be dismissed without prejudice for failure to exhaust available state remedies. (Document No. 10.) In Response, Petitioner filed his "Motion for Leave to File Supplemental Grounds to Petitioner's Petition for Writ of Habeas Corpus" (Document No. 13), Response in Opposition (Document No. 16), and "Memorandum of Law in Support of Petitioner's Motion in Response and Motion for Summary Judgment" (Document No. 17). In Response to Petitioner's "Motion for Leave to File Supplemental Grounds to Petitioner's Petition for Writ of Habeas Corpus," Respondent concedes Petitioner has now fully exhausted his claims, Petitioner should be granted leave to supplement his Petition, and Respondent's Motion to Dismiss should be denied as moot. (Id.) By

separate Order entered this day, the undersigned has granted Petitioner's "Motion for Leave to File Supplemental Grounds to Petitioner's Petition for Writ of Habeas Corpus" and directed Petitioner to file his Amended Petition by June 7, 2021. Based upon the foregoing, the undersigned respectfully recommends that the District Court deny as moot Respondent's "Motion to Dismiss Without Prejudice or to Stay Due to Petitioner's Failure to Exhaust his State Remedies" (Document No. 10) and Petitioner's Motion for Summary Judgment (Document No. 17).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** the District Court **DENY as moot** Respondent's "Motion to Dismiss Without Prejudice or to Stay Due to Petitioner's Failure to Exhaust his State Remedies" (Document No. 10) and Petitioner's Motion for Summary Judgment (Document No. 17), and **REFER** this matter back to the undersigned for further proceedings.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be

granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to counsel of record.

Dated: May 7, 2021.

Omar J. Aboulhosn
United States Magistrate Judge