UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


RAYMOND ANDREW RICHARDSON,

      Petitioner,

v.                             Case No. 2:20-cv-00573

DONNIE AMES, Superintendent,

      Respondent.


MEMORANDUM OPINION AND ORDER


      Pending are the respondent's motion to dismiss the petitioner's 28 U.S.C. § 2254 petition, filed on October 15, 2020 (ECF No. 10), and the petitioner's pro se motion for summary judgment, filed by the Clerk on October 29, 2020 (ECF No. 16).[1]


I.    Background


      In his motion to dismiss, the respondent sought dismissal without prejudice on the ground that the petitioner had not fully exhausted available state remedies before filing

---

[1] After the petitioner's pro se summary-judgment motion and the Magistrate Judge's Proposed Findings and Recommendation regarding it were filed, the Magistrate Judge granted the petitioner's motion for appointment of counsel, and the petitioner is now represented by the Office of the Federal Public Defender. See ECF No. 29; ECF No. 30; ECF No. 31.

his § 2254 petition to challenge his state-court conviction and sentence.  See ECF No. 10; ECF No. 11.  However, following the intervening issuance of a state-court ruling, the respondent, in a subsequent filing, concedes that the petitioner has now satisfied the exhaustion requirement and asks that his motion be denied as moot.  See ECF No. 19.

In his combined motion for summary judgment and response to the motion to dismiss, the petitioner seeks summary judgment on the merits of his § 2554 petition and notes that, in the motion to dismiss, the respondent had not addressed the petition's merits.  See ECF No. 16; ECF No. 17.  Notably, the petitioner also filed a motion for leave to file supplemental grounds for his § 2254 petition.  See ECF No. 13.  In response to that motion, the respondent, aside from conceding that the exhaustion requirement had been satisfied, did not oppose supplementation but requested adequate time to respond to the petition on the merits.  See ECF No. 19.

This action was previously referred to Omar J. Aboulhosn, United States Magistrate Judge, who, on May 7, 2021, entered his Proposed Findings and Recommendations ("PF&R") regarding the current motions pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) (ECF No. 21).  The Magistrate Judge

contemporaneously entered a separate order granting the petitioner's motion for leave to file supplemental grounds for his § 2254 petition and directing the petitioner to file an amended § 2254 petition by June 7, 2021.  See ECF No. 22.[2]

With respect to the respondent's motion to dismiss, the Magistrate Judge's PF&R noted the respondent's concession that the exhaustion requirement had since been satisfied and his request that the motion be denied as moot.  See ECF No. 21.  The Magistrate Judge thus recommends that the court deny the respondent's motion to dismiss as moot.  See id.

With respect to the petitioner's motion for summary judgment, the Magistrate Judge's PF&R noted that the petitioner had moved for leave to supplement his § 2254 petition with additional grounds and that he appeared to have presented the grounds to be contained in an amended § 2254 petition in several documents.  See id.  The Magistrate Judge observed that, in response to the motion, the respondent did not oppose the requested supplementation of the § 2254 petition.  See id.  The Magistrate Judge further noted that he had granted the motion for leave to supplement and had order the petitioner to file an

---

[2] The deadline for filing the amended § 2254 petition was later extended to August 9, 2021.  See ECF No. 30.

3

amended § 2254 petition.  <u>See</u> <u>id.</u>  In light of the foregoing,

the Magistrate Judge recommends that the court deny the

petitioner's motion for summary judgment as moot.  <u>See</u> <u>id.</u>

In the order granting the petitioner's motion for

leave to supplement his § 2254 petition, the Magistrate Judge

noted that the petitioner appeared to have presented the grounds

to be contained in an amended § 2254 petition across several

separate documents.  <u>See</u> ECF No. 22.  Although the Magistrate

Judge concluded that the requested supplementation should be

permitted, especially in light of the respondent's concessions,

he directed the petitioner to file an amended § 2254 petition in

"one integrated document that will provide the [r]espondent with

notice of the claims" and that "will supersede the original [§]

2254 [p]etition."  <u>Id.</u> at 2.

The petitioner timely filed objections.  <u>See</u> ECF No.

24.  He objects to the Magistrate Judge's order permitting his

requested supplementation to the extent it requires him to file

an amended § 2254 petition that supersedes his original § 2254

petition.  <u>See</u> <u>id.</u>  He also objects to the Magistrate Judge's

PF&R to the extent it recommends that the court deny his motion

for summary judgment as moot.  See id.[3]

## II.  Legal Standards

A magistrate judge's order on a non-dispositive matter is not to be modified or set aside unless it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'"  Sky Angel U.S., LLC v. Discovery Commc'ns, LLC, 28 F. Supp. 3d 465, 479 (D. Md. 2014).

If timely objected to, a magistrate judge's PF&R is reviewed by the court de novo.  Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. § 636(b)(1)).

---

[3] The respondent has not filed objections.

### III. Analysis

A.    <u>Order granting motion for leave to supplement</u>

The petitioner argues that the Magistrate Judge erred by requiring him to file an amended § 2254 petition that supersedes his original § 2254 petition.  <u>See</u> ECF No. 24.  He explains that he requested only to supplement his original § 2254 petition and did not request to file an amended petition that would supersede the original.  <u>See</u> <u>id.</u>  He also argues that, because the respondent did not respond to the merits of the original § 2254 petition by the deadline set by the Magistrate Judge's previous order, the respondent forfeited any dispute as to the merits of the original petition's claims and that, by requiring the petitioner to file a superseding amended § 2254 petition, the order circumvents the pleading rules and unfairly gives the respondent a second bite at the apple.  <u>See</u> <u>id.</u>

The court is not persuaded by these arguments.  First, even assuming the petitioner's motion asked only for leave to supplement his original § 2254 petition, he points to no authority for the proposition that a Magistrate Judge may grant only the precise relief requested by such a motion or that a

Magistrate Judge may not order a <u>pro se</u> § 2254 petitioner to file an amended petition that supersedes the original petition when the petitioner seeks to supplement the original petition with grounds for relief scattered across multiple unintegrated filings, and the court is not aware of any such authority.

Second, the court does not agree that the respondent forfeited any merits-related arguments regarding the original § 2254 petition by not filing an answer by the deadline set for doing so in the Magistrate Judge's previous order.  Before the deadline for filing an answer, the respondent filed a motion to dismiss the petitioner's § 2254 petition.  <u>See</u> ECF No. 6; ECF No. 10.  The filing of a motion to dismiss prior to the deadline for filing an answer to a § 2254 petition may alter the time for filing an answer, such that the respondent is not required to file an answer until after the motion to dismiss has been resolved.  <u>See</u> Rules Governing Section 2254 Cases, Rule 5; Rules Governing Section 2254 Cases, Rule 12; Fed. R. Civ. P. 12(a)(4), (b); Fed R. Civ. P. 81(a)(4); <u>Walker v. True</u>, 399 F.3d 315, 319 n.1 (4th Cir. 2005); <u>Garner v. McKune</u>, 125 F.3d 861, *2 (10th Cir. 1997) (unpublished).  Here, the timely filed motion to dismiss was not resolved before the petitioner sought leave to supplement his § 2254 petition.  The petitioner's arguments that

7

the respondent has forfeited any merits-based argument with respect to the original petition and that the Magistrate Judge's directive to file a superseding amended petition provides the respondent an unfair second bite at the apple are meritless.

For the foregoing reasons, the court concludes that the Magistrate Judge's order granting the petitioner's motion for leave to supplement is neither clearly erroneous or contrary to law, and the petitioner's objections to it are overruled.

B.    PF&R

The petitioner next argues that the Magistrate Judge's PF&R erred in recommending that the petitioner's motion for summary judgment be denied as moot.  See ECF No. 24. Specifically, he argues that the grounds for relief brought in his original §2254 petition were exhausted at the time he filed it and that the respondent's and the Magistrate Judge's failure to recognize that the exhaustion requirement had been satisfied has prejudiced him.  See id.  He further argues, again, that by failing to timely file and answer and instead filing a motion to dismiss that addresses only the exhaustion issue, the respondent has forfeited any merits-based arguments he may have regarding the original § 2254 petition.  See id.

8

The court again is not persuaded.  To the extent the petitioner challenges the PF&R by arguing that the grounds for relief brought in his original § 2254 petition have been exhausted, the court notes that the respondent has conceded the point and that the PF&R recommends denying the respondent's motion to dismiss specifically because of that concession.  It thus appears that the petitioner does not object to – and in fact agrees with – the Magistrate Judge's determination that the exhaustion requirement has been satisfied.  To the extent the petitioner argues the PF&R is erroneous because it fails to acknowledge that the respondent forfeited any merits-based arguments as to the original § 2254 petition, the court concludes that argument is meritless for the reasons expressed earlier herein.  Accordingly, the petitioner's objections to the PF&R are overruled.

### IV.  Conclusion

For the foregoing reasons, it is ORDERED that:

1.   the petitioner's objections to the Magistrate Judge's order granting his motion for leave to supplement the grounds of his § 2554 petition and the Magistrate Judge's PF&R (ECF No. 24) be, and hereby they are, overruled;

9

2.   Magistrate Judge's order granting the petitioner's
     motion for leave to supplement the grounds of his §
     2554 petition (ECF No. 22) be, and hereby it is,
     accepted and affirmed in its entirety;

3.   the Magistrate Judge's PF&R (ECF No. 21) be, and
     hereby it is, adopted and incorporated herein;

4.   the respondent's motion to dismiss (ECF No. 10) be,
     and hereby it, denied as moot;

5.   the petitioner's motion for summary judgment (ECF No.
     16) be, and hereby it is, denied as moot; and

6.   this matter remains referred to the Magistrate Judge
     for further proceedings.

The Clerk is directed to transmit copies of this
memorandum opinion and order to all counsel of record, any
unrepresented parties, and the Magistrate Judge.

ENTER: July 20, 2021

John T. Copenhaver, Jr.
Senior United States District Judge

10