UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RAYMOND RICHARDSON,

      Petitioner,

v.                        Civil Action No. 2:20-00573

DONALD AMES, Superintendent,
Mount Olive Correctional Center,

      Respondent.

MEMORANDUM OPINION AND ORDER

      Pending is the petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF 40), and respondent's motion for summary judgment (ECF 42), filed December 10, 2021.  Petitioner alleges the following: (1) trial counsel was ineffective by failing to object to a constructive amendment of the grand jury indictment, and (2) trial counsel was ineffective by failing to investigate an alleged relationship between the jury foreman and one of the prosecutors.  ECF 40 at 2-3.

I.    Procedural History

      On November 20, 2013, the Grand Jury of Kanawha County, West Virginia delivered an indictment against the

petitioner charging him with, _inter alia_, robbery in the first degree under W. Va. Code § 61-2-12(a), which read as follows:

> **COUNT THREE:** And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present the said RAYMOND ANDREW RICHARDSON, on the __ [sic] day of August, 2013, and prior to the date of the finding of this Indictment, in the said County of Kanawha, did unlawfully and feloniously _use the threat of deadly force upon the person_ of [the victim], and $103.00 in lawful United States currency, Of the money, property, goods, effects and chattels of the said [victim], and lawfully in her control and custody and against her will, then and there feloniously and violently did steal, take and carry away, in violation of Chapter 61, Article 2, Section 12(a), West Virginia Code 1931, as amended, against the peace and dignity of the State.

ECF 40-1 at 3-4 (emphasis supplied).

Section 61-2-12(a) provides that one element of the offense of first-degree robbery can be met in either of two ways: "(1) Committing violence to the person, including, but not limited to, partial strangulation or suffocation or by striking or beating; or (2) uses the threat of deadly force by the presenting of a firearm or other deadly weapon." W. Va. Code § 61-2-12(a). The petitioner's indictment charged him with first-degree robbery under the second theory but omitted reference to the statutory element of "by the presenting of a firearm or other deadly weapon." _See_ ECF 40-1 at 3-4.

At trial, the prosecution's case against the petitioner on the first-degree robbery count focused not on the

charged "threat of deadly force," but on the petitioner's use of violence against the victim (ECF 40-2 at 93; ECF 40-3 at 186, 204) and relied principally on evidence of the petitioner's physical assault of the victim, which was also charged in a separate count of the indictment as assault during the commission of the felony offense of first degree robbery.  <u>See</u> ECF 40-2 at 111-13; ECF 40-3 at 51, 53.  The trial court provided the following jury instruction:

> First degree robbery is committed when one person takes from the person of another person or in his presence against his will any property, money or other thing of value belonging to or in the care, custody, control, management or possession of such other person by partial strangulation or suffocation or by striking or beating or by the threat of presenting of firearms, or by other deadly weapon or instrumentality with the intent to deprive the victim permanently of the property, money or other thing of value.
> ...
> Before the defendant, Raymond Richardson, can be convicted of first degree robbery, the State of West Virginia must overcome the presumption that the defendant, Raymond Richardson, is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that: 1) the defendant, Raymond Richardson; 2) in Kanawha County, West Virginia; 3) on or about the 24th day of August, 2013; 4) did commit a robbery; 5) against [the victim]; 6) <u>by committing violence against [the victim]</u>; 7) and by such action did remove $103.00 in lawful United States currency from [the victim]; 8) with the intent to permanently deprive [the victim] of $103.00 in lawful United States currency.

ECF 40-3 at 172-73 (emphasis supplied).

In his Amended Section 2254 Petition, petitioner contends that the evidentiary presentation of the case and the jury instructions at trial were an impermissible constructive amendment of the indictment against him, to which his trial counsel's failure to object denied him his Sixth Amendment right to effective assistance of counsel.  ECF 41.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B).  On June 2, 2022, the magistrate judge entered a PF&R recommending that the court grant Petitioner's Amended Section 2254 Petition with respect to the claim of ineffective assistance of counsel concerning constructive amendment of the indictment and deny respondent's Motion for Summary Judgment insofar as it related to that claim. ECF 47 at 1.

The magistrate judge also recommended that the court grant respondent's Motion for Summary Judgment and deny Petitioner's Amended Section 2254 Petition with respect to a separate claim of ineffective assistance of counsel regarding trial counsel's alleged failure to investigate the relationship between one of the prosecutors and the jury foreperson.  Id. Inasmuch as neither party objects to this recommendation, the

4

PF&R is adopted to that extent and need not be further
addressed.

On June 16, 2022, the respondent timely filed
objections to the magistrate judge's recommendation as to
ineffective assistance of counsel based on failure to raise the
constructive amendment contention.  ECF 48.  Respondent
specifically objects to the magistrate judge's findings that:
(1) the Supreme Court of Appeals of West Virginia ("WVSCA")
erred in its ruling against the petitioner on his claim in prior
state habeas proceedings that amendment of the indictment was a
fatal variance in violation of petitioner's Fifth Amendment
rights, and (2) petitioner was prejudiced by trial counsel's
ineffective assistance.  Id. at 2.  On June 30, 2022, the
petitioner, through counsel, filed a response to the
respondent's objections arguing that the court should adopt the
PF&R and overrule respondent's objections.  ECF 49.


II.  Legal Standard


Upon objection to a PF&R, the court must "make a de
novo review determination of those portions of the report or
specified findings or recommendations to which objection is
made."  28 U.S.C. § 636(b)(1).  Absent a "specific written
objection," a district court is "free to adopt the magistrate

judge's recommendation . . . without conducting a de novo review." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005).

Federal habeas relief may only be granted where a prisoner is held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As relevant here, such relief is unavailable on federal review where the issues were considered on the merits in state court habeas corpus proceedings, unless the state court's decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). This entitles state court applications of federal law to deference, and a writ may not issue simply because a federal court, in its independent judgment, finds that the relevant state court's application of clearly established federal law was merely erroneous or incorrect. See Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A petitioner must show that a state court ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). "[F]ederal habeas corpus relief does not lie for errors of state law."

Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine" dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-moving party. Anderson, 477 U.S. at 248.

Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). A party is entitled to summary judgment if the record, as a whole, could not lead a rational trier of fact to find for the non-moving party. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable

fact-finder to return a verdict in favor of the non-moving party.  Anderson, 477 U.S. at 248.

### III. Discussion

Respondent makes two objections to the PF&R.  First, the respondent objects to the magistrate judge's finding that the WVSCA erred in finding that the state's presentation of its case at trial was a mere "amendment of form" rather than a constructive amendment of the grand jury indictment, and to the magistrate judge's conclusion that this was a fatal variance in violation of the Fifth Amendment. ECF 48 at 2.  Second, the respondent objects to the finding that trial counsel's failure to object to the alleged constructive amendment prejudiced the petitioner.  Id.

The court first considers whether the petitioner has appropriately exhausted his remedies in state court such that this court may consider his claims.  State prisoners must give state courts a fair opportunity to act on their habeas corpus claims.  O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing 28 U.S.C. § 2254(c)).  A federal court may not rule on a habeas corpus claim in a state criminal prosecution before the state courts have had an opportunity to hear and rule upon it. See Picard v. Connor, 404 U.S. 270, 275 (1971).  To meet the

statutory exhaustion requirements, a petitioner's claim in state court need not be identical but must present the substance of the federal habeas corpus claim, see id. at 278, including all of the operative facts and controlling principles of law related to each claim, to the state's highest court.  Mahdi v. Stirling, 20 F.4th 846, 892 (4th Cir. 2021); Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010).  "Whether the exhaustion requirement has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court."  Dye v. Hofbauer, 546 U.S. 1, 3 (2005) (per curiam) (quoting Smith v. Digmon, 434 U.S. 332, 333 (1978) (per curiam)).

     As an initial matter, the court notes the incongruency between the constructive amendment claim addressed by the WVSCA and the impermissible constructive amendment found by the magistrate judge.  In his PF&R, the magistrate judge reviewed federal precedent under Stirone v. United States, 361 U.S. 212 (1960) regarding constructive amendment of indictments and concluded that the discrepancy between petitioner's indictment and the jury instructions provided by the trial court

constituted an impermissible constructive amendment.[1]  ECF 47 at 35-41.  The magistrate judge further reviewed the decision of the WVSCA with respect to a constructive amendment claim raised by the petitioner in an appeal of his first state habeas petition,[2] finding that it was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Id. at 41.

While the magistrate judge considered whether the trial court's jury instruction constituted a constructive amendment of the indictment for purposes of an ineffective assistance of counsel claim, the assignment of error alleged by petitioner in the first state habeas petition and considered on appeal by the WVSCA considered a separate, if related, ground for constructive amendment.  In the state proceedings, petitioner's Amended Petition sought relief because of "an impermissible variance in proof between the charges contained in

---

[1] The terms "constructive amendment" and "fatal variance" are sometimes used interchangeably.  See United States v. Allmendinger, 706 F.3d 330, 339 (4th Cir. 2013) (quoting United States v. Malloy, 568 F.3d 166, 178 (4th Cir. 2009)).  For the sake of clarity, this court refers only to constructive amendment, while noting that the magistrate judge's PF&R uses both terms.

[2] The petitioner filed a second petition for habeas corpus in state court concerning an additional allegation of error not presently before this court.

the Indictment <u>and the evidence adduced at trial</u> resulting in a constructive amendment of Indictment." ECF 10-8 at 5 (emphasis added).  In assessing this claim on appeal, the WVSCA issued a memorandum opinion, which applied the test in <u>State v. Adams</u> wherein constructive amendment occurs when a defendant is misled, subjected to an added burden of proof, or otherwise prejudiced.  193 W. Va. 277, Syl. Pt. 3 (1995).  The WVSCA's application of the test is reproduced <u>in</u> <u>toto</u>:

> The indictment informed petitioner that he was charged with first degree robbery, West Virginia Code § 61-2-12(a) (2000).  The indictment also informed petitioner that he was charged with assault during the commission of a felony, § 61-2-10 (1882), so he was aware that the State planned to present evidence of bodily harm to the victim.  For that same reason, any difference between the indictment and evidence offered at trial did not subject petitioner to any added burden of proof.  Finally, petitioner's trial counsel testified repeatedly during the omnibus hearing that the defense to the robbery charge was that petitioner did not steal, take away, or carry $103 from [the victim's] apartment, <u>i.e.</u>, that the robbery did not occur, at all.  So, the means by which petitioner accomplished the robbery (by threat of force or the commission of violence) was irrelevant to the defense theory.  Any <u>difference between the robbery count in the indictment and the State's evidence at trial</u> resulted in, at most, an amendment of form — rather than an impermissible constructive amendment — to the first degree robbery count of the indictment.

ECF 10-11 at 4 (emphasis supplied).

As evidenced here, while the magistrate judge's finding to which the respondent objects addressed the variance between indictment and jury instruction, the WVSCA decision

focused first on the variance between petitioner's indictment and the evidence presented at trial as set forth above.  The WVSCA then characterized the ineffective assistance claim as resting upon trial counsel's "failing to object to the constructive amendment of the indictment with regard to the charge of first-degree robbery, . . . and failing to object to an incomplete jury instruction as to the elements of first degree robbery" before affirming the reasoning of the state trial court's decision denying post-conviction relief ("PCR").  Id. at 4-5.  In doing so, the WVSCA found that the lower court "applied an objective standard to determine that counsel's performance was not outside the broad range of professionally competent assistance" and that it "did not err in concluding that petitioner had not satisfied the two-pronged test of Strickland."

Taken as a whole, the WVSCA opinion shows that the petitioner has exhausted his state court remedies as to the claim of ineffective assistance for trial counsel's failure to object to a constructive amendment between the indictment and proof at trial.  The WVSCA considered, even if in summary fashion, both the legal principles of ineffective assistance and constructive amendment, as well as the operative facts to support a claim of constructive amendment as to the proof

presented at trial.  However, the WVSCA opinion alone does not provide a sufficient basis to conclude that the petitioner has exhausted his state court remedies as to the claim of ineffective assistance for trial counsel's failure to object to a constructive amendment between the indictment and the jury instructions.  Although the WVSCA's characterization of the ineffective assistance claim as trial counsel's "failing to object to the constructive amendment of the indictment with regard to the charge of first-degree robbery, . . . and failing to object to an incomplete jury instruction as to the elements of first degree robbery" could arguably encompass the variance between the indictment and both the proof at trial and the instructions to the jury, the court is mindful that "oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)).

Nevertheless, exhaustion requires only that a petitioner present his claim before the state courts, not that the state courts must have passed judgment upon it. See Dye, 546 U.S. at 3.  In this, regardless of the extent of the WVSCA's treatment of the constructive amendment issue as to the jury instruction, the record reflects that the petitioner has exhausted the claim

in state court.  The petitioner's initial <u>pro</u> <u>se</u> state habeas petition states the claim most directly:

> Trial counsel was ineffective for failing to fully investigate count three of the indictment, and then failing to file pre-trial or post-trial motions on the issue of a fatal variance between the indictment, the evidence produced by the state's attorney, and the juror instruction given by the trial court.

ECF 10-7 at 12.

Subsequently, the petitioner was appointed counsel who filed an amended petition alleging the following relevant assignments of error:

> 1. The Petitioner received ineffective assistance of counsel;
>
> 2. Under the plain error analysis, the Trial Court erred by giving an incomplete and incorrect Instruction on First-Degree Robbery;
>
> 4. Under the plain error analysis, the Petitioner's conviction was obtained by an impermissible variance in proof between the charges contained in the Indictment and the evidence adduced at trial resulting in a constructive amendment of Indictment[.]

ECF 10-8 at 4-5.

While the ineffective assistance of counsel assignment of error was framed broadly, the analysis in the amended petition regarding counsel's alleged deficiencies concerning a constructive amendment of the indictment included reference to both the proof at trial and the jury instruction:

> [P]roof at trial of the offense of the First-Degree
> Robbery differed from the charge of the First-Degree
> Robbery alleged in the Indictment.  While Count Three
> of the Indictment charged the Petitioner with the use
> of the threat of deadly force, presumably by the
> presentation of a firearm or other deadly weapon, the
> form of proof at trial (and the Trial Court's
> instruction to the jury) focused on "committing
> violence" to the person of [the victim], "by striking
> or beating."

Id. at 10.

It would be hard to contend that the presentation of the jury instruction issue in the amended petition was exactly pellucid, but the state PCR court seemed to understand the contention as reaching the issue of constructive amendment as to both evidence and instruction.  In an order on the amended petition, the state PCR court characterized the issue raised as "ineffectiveness of counsel dealing with the indictment for robbery, including dealing with a 'constructive variance.'"  ECF 10-10 at 19.  Although analyzing the constructive amendment issue in particular depth only as to the variance between indictment and proof, id. at 40-45, the state PCR court acknowledged that the amended petition presented "separate, but related, arguments that trial counsel was ineffective for failing to object to an incomplete instruction on first-degree robbery."  Id. at 47.

On appeal, the petitioner alleged the same assignments of error.  While the WVSCA did not address the claim as such, it

is clear enough from the record that the petitioner has met the fair presentation requirement so as to have exhausted his state court remedies as required under Section 2254.  The petitioner's ineffective assistance claim in the amended petition, while framed broadly, was intended to cover trial counsel's failures with respect to each of the alleged plain errors, and it included all of the operative facts and relevant legal principles to confront trial counsel's failure to object to constructive amendment of the indictment in the trial court's jury instruction.  Although neither the state PCR court nor the WVSCA confronted the jury instruction issue head-on in its analysis of ineffective assistance regarding the constructive amendment of the indictment, the petitioner did enough to satisfy his burden of fairly presenting the matter for their consideration.

The court next considers petitioner's Sixth Amendment claim for ineffective assistance of counsel for trial counsel's failure to object to an alleged constructive amendment insofar as it concerns a variance between the indictment and proof at trial.  The thrust of Mr. Richardson's amended petition for federal habeas relief is that trial counsel provided him ineffective assistance by failing to object to the constructive

amendment of his indictment by the prosecution's presentation of
the case at trial.  ECF 41 at 8-14.

　　　　To succeed on this theory, petitioner must establish
that: (1) performance of trial counsel was so deficient as to
fall below an objective standard of reasonableness, and (2)
counsel's deficient performance resulted in prejudice to the
petitioner such that the results of the trial were rendered
unreliable.  Strickland v. Washington, 466 U.S. 668, 687-91.
Decisions of counsel are viewed with great deference and
entitled to a strong presumption that they represented sound
trial strategies.  Id. at 689.  Ineffective assistance claims
are not an opportunity for a court to engage in "Monday morning
quarterbacking" in reviewing counsel's trial strategy.  Stamper
v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991).  This deference to
counsel's judgment, paired with the deference to the application
of the Strickland standard by a state court commanded by Section
2254, means that federal habeas review of these claims must be
"doubly deferential."  Woods v. Donald, 575 U.S. 312, 316
(2015)(per curiam).

　　　　When reviewing an ineffective assistance of counsel
claim, a federal court may begin its inquiry with either prong
of the Strickland test and need not decide "both components of
the inquiry if the defendant makes an insufficient showing on

17

one." Strickland, 466 U.S. at 697; Moore v. Hardee, 723 F.3d 488, 500 (4th Cir. 2013).  Where a claim of ineffective assistance of counsel rests solely on trial counsel's failure to object to an alleged constitutional defect, the claim will fail for want of prejudice if no such defect lies.  See Peterson v. Murray, 904 F.2d 882, 888-89 (4th Cir. 1990).  Thus, the petitioner's ability to establish prejudice under Strickland turns on the existence of a meritorious ground for objection foregone.

Here, the parties do not dispute the factual basis for a putative objection.  The petitioner was charged by a grand jury under an indictment for the criminal offense of first-degree robbery by threat of deadly force, while he was tried and convicted for the criminal offense of first-degree robbery by commission of violence to the person of another.  This indictment was also deficient in that it omitted the statutory element that accompanies threat of deadly force, namely, presentation of a firearm or other deadly weapon; but the factual basis for an objection that this court must consider is the variance between the charge in the indictment and either the evidence adduced against the petitioner at trial or the instructions provided by the trial court to the jury.

18

In his amended petition for federal habeas relief, the petitioner appears to argue that he was prejudiced because trial counsel had meritorious grounds for objection in that the alleged constructive amendment of the indictment violated the petitioner's rights under the federal Constitution. Specifically, he cites to case law suggesting that the alleged constructive amendment to the indictment violated either the Fifth Amendment Grand Jury Clause, see ECF 41 at 8-9 (citing United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999)), or the Fourteenth Amendment right to procedural due process. See ECF 41 at 9 (citing Cole v. Arkansas, 333 U.S. 196, 201 (1948)). In his response to the respondent's objections to the PF&R, the petitioner reiterates that the present collateral attack rests solely on Sixth Amendment grounds. ECF 49 at 2. Thus, his argument is that he was denied effective assistance of counsel by trial counsel's failure to object to the alleged constructive amendment of his indictment and thereby vindicate his rights under the Fifth or Fourteenth Amendments.

Turning first to the possibility of a constructive amendment claim in violation of petitioner's right to indictment by grand jury under the Fifth Amendment, the court notes that the Fifth Amendment Grand Jury Clause has not been incorporated against the states. See Hurtado v. California, 110 U.S. 516,

19

538 (1884).  While many state constitutions include similar
requirements that indictment be made only by a grand jury, there
is no such federal requirement applicable to the states.  <u>See</u>
<u>Branzburg v. Hayes</u>, 408 U.S. 665, 688 n.25 (1972); <u>United States</u>
<u>v. Floresca</u>, 38 F.3d 706, 709 n.5 (4th Cir. 1994), <u>abrogated</u> <u>on</u>
<u>other</u> <u>grounds</u> <u>by</u> <u>United States v. Banks</u>, 29 F.4th 168 (4th Cir.
2022); <u>see</u> <u>also</u> <u>Kelly v. Peyton</u>, 420 F.2d 912, 914 (4th Cir.
1969) ("[T]here is no constitutional right to be tried on an
indictment in a state criminal prosecution").  Accordingly, the
Fifth Amendment provides no basis for challenging the alleged
constructive amendment of an indictment on federal habeas
review.  <u>See</u> <u>Barbe v. McBride</u>, 740 F. Supp. 2d 759, 768 (N.D. W.
Va. 2010) ("<u>Barbe I</u>"), <u>aff'd</u> 477 F. App'x. 49 (4th Cir. 2012)
(per curiam) ("<u>Barbe II</u>").  To the extent the magistrate judge's
analysis relied on authority concerning the Fifth Amendment
Grand Jury Clause, it is not adopted.

        The court next considers whether petitioner's counsel
could have challenged the alleged constructive amendment of his
indictment as a procedural due process violation of the
Fourteenth Amendment.  "Variances and other deficiencies in
state court indictments are not ordinarily a basis for federal
habeas corpus relief unless the deficiency makes the trial so
egregiously unfair as to amount to a deprivation of the

defendant's right to due process." Ashford v. Edwards, 780
F.2d. 405, 407 (4th Cir. 1985).  Procedural due process requires
that a defendant receive fair notice of the specific charges
being brought against him.  Cole, 333 U.S. at 201.  Fair notice
is "among the constitutional rights of every accused in a
criminal proceeding in all courts, state or federal." Id.
(citing In re Oliver, 333 U.S. 257, 273 (1948)); see also
Dilworth v. Ballard, 970 F. Supp. 2d 498, 507 (N.D. W. Va. 2013)
("The only challenge to the way a state charges a criminal
defendant, grounded in the notions of due process, can be
whether Petitioner received adequate notice of the charges he
was facing in order to present an adequate defense to those
charges.").  A claim that constructive amendment of petitioner's
indictment violated his constitutional right to procedural due
process under the Fourteenth Amendment is therefore cognizable
on federal habeas review.

To satisfy due process, a defendant must receive
"[r]easonable notice [that] sufficiently apprises [him] of what
he must be prepared to meet.'" Stroud v. Polk, 466 F.3d 291,
296 (4th Cir. 2006) (quoting Russell v. United States, 369 U.S.
749, 763 (1962)).  Standards for evaluating constructive
amendment under the Grand Jury Clause do not inform the analysis
of a procedural due process claim.  Wilson v. Lindler, 995 F.2d

1256, 1264 (4th Cir. 1993) (Widener, J., dissenting), adopted, 8
F.3d 173, 175 (4th Cir. 1993) (en banc) (per curiam) ("[F]ederal
cases involving indictments are of little value when evaluating
the sufficiency . . . of a state accusatory pleading.").  "The
Due Process Clause 'does not require the method by which the
crime was committed to be alleged in the indictment.'"  Barbe
II, 477 F. App'x. at 52 (quoting Hartman v. Lee, 283 F.3d 190,
194 n.3 (4th Cir. 2002)).

        Respondent argues that the due process question was
squarely resolved by the Barbe case.  See ECF 48 at 2-4.  In
Barbe, the defendant was charged under an original indictment
for two counts of second-degree sexual assault under W. Va. Code
§ 61-8B-4(a)(2) for engaging in "sexual intercourse" with a
minor victim.  See Barbe I, 740 F. Supp 2d at 766.  West
Virginia Code Section 61-8B-4(a)(2) provides that "[a] person is
guilty of sexual assault in the second degree when . . . such
person engages in sexual intercourse or sexual intrusion with
another person who is physically helpless."  (Emphasis
supplied).  At Barbe's trial, the prosecution presented
testimonial evidence from the victim of digital penetration by
the defendant.  Barbe I, 740 F. Supp. 2d at 766.  The trial
court further instructed the jury that second-degree sexual

assault would be proven if they found the defendant had engaged in sexual intrusion.  Id. at 767.

On federal habeas review, Barbe contended that his due process rights had been violated because of the variance between the charging language in the indictment that referred to "sexual intercourse" and the jury instructions at trial that referred to "sexual intrusion."  Id. at 763.  After noting the inapplicability of the Fifth Amendment Grand Jury Clause and Stirone, the district court found that inclusion of the charge of second-degree sexual assault in the original indictment was sufficient to put Barbe on notice of the charge against him and that sexual intrusion and sexual intercourse were merely different methods of proof under the statute.  Id. at 771-72 ("The charge . . . never changed, only the method by which it was proven did so" and such alternative proof was "expressly provided" for by statute).

In an unreported decision, the Fourth Circuit upheld the district court's holding on appeal as a matter of due process under the Fourteenth Amendment.  Barbe II, 477 F. App'x. at 51.  It found that the disjunctive wording of the statute made clear that "'sexual intercourse' and 'sexual intrusion' [were] not two separate offenses, but two alternative methods of proving the same offense," which provided Barbe with actual or

constructive knowledge that he could be convicted for either
form of sexual conduct.  Id. at 52.  "The fact that the [one]
method replaced the [other] in the terms of his indictment d[id]
not offend constitutional guarantees."  Id.  Respondent argues
that this court should apply the Barbe courts' "one crime, two
proofs" logic to the disjunctive language of the state statutory
provision under which petitioner was convicted of first-degree
robbery.  See ECF 48 at 4–5.  Applying the "one crime, two
proofs" logic to the petitioner's case, respondent argues that
petitioner received sufficient notice of the charge against him
so as not to offend his due process rights and provided no basis
upon which trial counsel could have raised an objection.  See
id.

     In response to the respondent's objections, the
petitioner makes two contentions. First, he argues that the
decision in Barbe has "no bearing" on the case at bar because
the petitioner seeks habeas relief for ineffective assistance of
counsel under the Sixth Amendment, while the petitioner in Barbe
sought habeas relief for violations of his due process rights
under the Fifth and Fourteenth Amendments.  See ECF 49 at 2.
Second, the petitioner distinguishes the Barbe case on account
of the timing and nature of the variance, that is, whereas the
alleged constructive amendment in Barbe occurred prior to trial

after a hearing on the issue, the petitioner's indictment was constructively amended only at the trial itself.  Id. at 3–4.

Petitioner's first contention — that this court should regard the decisions of two other courts reviewing a similarly-worded criminal statute in Barbe as having "no bearing" on his case because it is embedded in an ineffective assistance of counsel claim — is unpersuasive.[3]  Contrary to petitioner's contentions, whether or not a colorable constructive amendment objection under federal law existed at the time of trial counsel's alleged ineffectiveness certainly has a bearing on the analysis, and Barbe is instructive to that end.  For one, Barbe demonstrates the narrowness of the grounds upon which trial counsel might have been able to make a constructive amendment objection whose omission would have resulted in prejudice to the petitioner.  As in Barbe, any objection trial counsel might have raised under the Fifth Amendment Grand Jury Clause would have been unavailing and so would not have resulted in prejudice to him.  Similarly, if trial counsel had objected on Fourteenth Amendment Due Process grounds, Barbe illustrates the extent to which petitioner would need to show that the alleged

_____

[3] While addressing the persuasive authority of Barbe, the court takes care to note that its authority is not controlling.  See Ham v. Breckon, 994 F.3d 682, 693 (4th Cir. 2021) (unpublished Fourth Circuit decisions not accorded precedential value).

constructive amendment of his indictment deprived him of fair notice in order for trial counsel's omission to have resulted in prejudice to him.

To be sure, petitioner is correct that Barbe does not resolve his ineffective assistance of counsel claim, but it does illustrate what is required of petitioner to show he was prejudiced under the second prong of the Strickland test.  At least as to the prejudicial effect of trial counsel's failure to make a constructive amendment objection under the federal Constitution, petitioner may only succeed by meeting Strickland's high bar and showing that he was deprived of his due process rights under the Fourteenth Amendment.

Petitioner's second contention has some merit in light of the express limits the Fourth Circuit placed on its holding in Barbe II.  The court prefaced its consideration of Barbe's due process argument by noting that it was "important to clarify the limited nature of this claim."  Barbe II, 477 F. App'x. at 51.  It also noted the fact that the prosecution had moved the trial court to amend Barbe's grand jury indictment one month after it was handed down, upon which motion the trial judge held a hearing and settled the question over seven weeks before the start of trial.  Id. at 49–50, 52.  Indeed, the Fourth Circuit contrasted Barbe's situation with a scenario where a defendant

was exposed to charges for which he lacked notice or an opportunity to plan a defense, id. at 52 (citing Lucas v. O'Dea, 179 F.3d 412, 417 (6th Cir. 1999)), because Barbe had actual knowledge of the amended complaint and the nature of the testimony to be presented against him well in advance of trial. Id. at 52–53.

In petitioner's case, the record shows that he received actual notice of the prosecution's intent to proceed against him under a first-degree robbery theory of violence against the victim, rather than the theory of threat of deadly force included in the indictment.  The state PCR court's opinion on the first state habeas corpus petition noted trial counsel "testified that he and Petitioner knew that he was charged with accomplishing the robbery by beating the victim."  ECF 10-10 at 41.  The opinion does not indicate whether counsel's testimony refers to petitioner's knowledge at the time of trial or at a time prior to trial while preparing a defense.  In either case, while petitioner's receipt of actual notice about the alleged amendment to his indictment may not have cured any constitutional infirmity were the Grand Jury Clause and Stirone applicable to a state prosecution, actual notice was sufficient to apprise him of the charges he needed to be prepared to meet

at trial, as required by the Fourteenth Amendment Due Process Clause.  <u>See</u> <u>Stroud</u>, 466 F.3d at 296 (4th Cir. 2006).

Because the protections of the Grand Jury Clause do not attach in a state criminal prosecution and because the petitioner's receipt of actual notice about the prosecution's case at trial satisfied the minimal requirements of procedural due process, the only remaining way for petitioner to establish prejudice for the purpose of his Sixth Amendment claim is by virtue of a provision of state law.  Although a federal habeas court may not review a state court's resolution of state-law questions, it may address ineffective assistance of counsel claims based on counsel's failure to raise state-law issues. <u>Shaw v. Wilson</u>, 721 F.3d 908, 914 (7th Cir. 2013).

Under the Grand Jury Clause of the West Virginia Constitution, a defendant has the right to be tried only on felony offenses charged by a grand jury in an indictment.  W. Va. Const. art. III, § 4; <u>State v. Adams</u>, 193 W. Va. 277, Syl. Pt. 1 (1995).  Any substantial amendment of an indictment must be resubmitted to the grand jury, while a mere "amendment of form" need not be.  <u>Id.</u>, Syl. Pt. 3.  An amendment of form "occurs when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced."  <u>Id.</u>  When a defendant is convicted upon a

28

constructively amended indictment, "per se error has occurred, and the conviction cannot stand and must be reversed." State v. Corra, 223 W. Va. 573, Syl. Pt. 7 (2009), modified on other grounds Lewis v. Ames, 242 W. Va. 405, Syl. Pt. 6 (2019).

The decision of the WVSCA is sufficient to resolve the question of prejudice with respect to constructive amendment of indictment by the proof presented at trial. The WVSCA applied the Adams test to the precise facts of the petitioner's case and found the variance between the robbery charge in the petitioner's indictment and the proof adduced at trial to be a mere amendment of form and not a constructive amendment under West Virginia law. See ECF 10-11 at 4. Because the WVSCA adjudged this to be a mere amendment of form, any objection by trial counsel would have been unavailing and, consequently, petitioner cannot establish that he was prejudiced under West Virginia law by counsel's failure to object to the constructive amendment in the proof at trial.

The jury instructions that followed adopted the "amendment as to form" and provided the elements of robbery as including "by committing violence against [the victim.]" See, infra, p.3. That element was amply supported by the evidence adduced at trial and the case was tried on that basis. From the record, it appears that the prosecution and defense agreed on

29

the jury instructions, with the exception that trial counsel reserved an objection to the instruction on another count.  ECF 10-10 at 11, 25.  Trial counsel did not object to the robbery instruction.  Id. at 11.

To succeed under Strickland, the petitioner must show that trial counsel's performance was deficient because of "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.  Counsel's performance is adjudged according to an objective standard of reasonableness and entitled to a high degree of deference.  Id. at 687-91. Counsel's decisions are "virtually unchallengeable" where they represent strategic decisions following a thorough investigation of relevant facts and law, while "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  Id. at 690-91.

The WVSCA applied Strickland in its July 30, 2020, decision, citing syllabus points 5 and 6, State v. Miller, 194 W. Va. 3, 459 S.E.2d 114 (1995):

In West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an

objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

The WVSCA found that the lower court in this instance "applied an objective standard to determine that counsel's performance was not outside the broad range of professionally competent assistance and that even if it had been, the results of petitioner's trial would not have been different." ECF 10-11 at 5.

The court agrees that counsel's performance was not outside the broad range of professionally competent assistance.

The court finds that the issues arising in the petition in this case were adequately considered on the merits in the state court habeas proceedings and that the state court decisions are neither contrary to nor involved an unconstitutional application of clearly established federal law.

31

IV.   <u>Conclusion</u>

It, is accordingly, ORDERED that:

1. The respondent's objections to the PF&R (ECF 48) be, and hereby are, SUSTAINED;

2. The respondent's motion for summary judgment (ECF 42) be, and hereby is GRANTED;

3. The petitioner's amended petition for writ of habeas corpus be, and hereby is, DENIED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 13, 2023

John T. Copenhaver, Jr.
Senior United States District Judge